**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JOHN JOHNS
Plaintiff,

       Plaintiff,

v.

GREGORY TONY as the Sheriff of Broward
County, in his official capacity

       Defendants.
_____/

## **COMPLAINT**

      COMES NOW, PLAINTIFF, JOHN JOHNS, by and through his undersigned counsel, files

this Complaint and sues GREGORY TONY (hereinafter " TONY") and states:

## **JURISDICTION AND PARTIES**

1.     This is an action for damages arising out of violations of federal law and state torts detailed

below in an amount greater than $75,000.00.

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth

Amendment to the United States Constitution.

3.     Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1988 and the

constitutional provision mentioned above.

4.     The acts and practices constituting the violations alleged below have occurred within the

jurisdiction of the United States District Court, in and for the Southern District of Florida. In

*John Johns v. Tony*

connection with the acts, practices and violations alleged below, DEFENDANT TONY, has either directly or indirectly violated Plaintiff's constitutional rights.

5.       At all material times hereto, PLAINTIFF was over 18 years of age and was *sui juris.*

6.       DEFENDANT GREGORY TONY is the Sheriff of Broward County also known as the BSO. Said Defendant is responsible, as Sheriff, for the conduct of the deputies in his employ and ensuring that his deputies, employees, servants and agents obey the laws of the State of Florida and the United States. Defendant TONY  is being sued in his official capacity.

7.       At all material times hereto, DEFENDANT TONY acted by and through his agents, employees, officers and/or deputy sheriffs.

8.       All conditions precedent under Florida law to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

9.       Electronic monitoring device, in the context of this action, is a device in a form of an "ankle bracelet" used to track the location of a person and which resembles the following picture:



10.      The purpose of an ankle bracelet is to curtail the suspects freedom of movement by keeping control of his/her whereabouts, making the suspect an equivalent of a pre-trial detainee for the purposes of the due process rights to access basic human needs such as medical care.

*John Johns v. Tony*

11.     § 843.23(3), Fla. Stat. makes tampering with an electronic monitoring device a third degree felony.

12.     The Plaintiff was fitted with an ankle bracelet by a BSO officer who was responsible for adjusting the strap around the Plaintiff's ankle.

13.     At all times material to this action, the ancle bracelet fitted around the Plaintiff's ankle was the property of the BSO.

14.     At all times material to this action, the Plaintiff had no means of unilaterally removing the ankle bracelet or even to adjust its strap without violating § 843.23, Fla. Stat.

15.     The monitoring device around the Plaintiff's bracelet was installed too tight which interfered with the Plaintiff's ability to walk and caused injuries described below.

16.     The Plaintiff's numerous requests made to the BSO to loosen the bracelet strap went unheeded.

17.     As a result, the Plaintiffs sustained serious and permanent injuries due to the ankle monitoring device applied to his ankle by BSO'S Probation Division.

18.     As a result of the improper installation of the ankle monitor device, and the disregard for the complaints made by Plaintiffs, the device caused a large and deep open wound on Plaintiff's ankle which necessitated medical treatment.

19.     The Plaintiff medical condition including, but not limited to, pain, irritation of the ancle area covered by the bracelet and diminished ability to walk, was so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

20.     BSO's Probation Division owed Plaintiffs a duty of care to apply the ankle monitor correctly to Plaintiffs' right ankle.

*John Johns v. Tony*

21.     BSO's Probation Division also had an obligation and duty to promptly address Plaintiffs complaints when he reported that the ankle monitor was causing him pain.

22.     On May 7, 2020, Plaintiffs presented to Northwest Medical Center with complaints of a wound to his right ankle underneath where his ankle monitor had previously Sat. Dr. Matthew Lickerman, M.D., noted the wound had erythema, and stated that Plaintiff was instructed to go to the ER when his ankle monitor was finally moved from his right ankle to his left ankle. Dr. Lickerman cleaned and irrigated the wound before applying antibiotic ointment and dressing it. He prescribed Plaintiffs sulfamethoxazole cephalexin, both antibiotics, and gave Plaintiffs information on wound care.

23.     On May 11, 2020, Plaintiff presented Advanced Foot, Ankle & Wound Specialists due to a wound caused by an ankle monitor that had been applied to his right ankle for the past three months. Dr. Nathan Vela, D.P.M., noted that there was an open wound on Plaintiffs' right ankle secondary to rubbing from the ankle monitor that measured 3.0 x 9.0 x .2 cm and was crescentic in shape. Dr. Vela noted Plaintiffs had a moderate case of cellulitis and that the wound needed to be debrided to excise necrotic tissue.

### COUNT I - VIOLATION OF 42 U.S.C.§1983
### DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

24.      Plaintiff reasserts and realleges paragraphs 1 through 23 as though fully set forth herein.

25.     Since the Plaintiff was an equivalent of a pre-trial detainee at the time of alleged violations, his deliberate indifference claims fall under the due process clause of the Fourteenth Amendment and not the cruel and unusual punishment prohibition of the Eight Amendment.

26.     However, the Eighth Amendment's deliberate indifference standards apply to the Plaintiff's 42 U.S.C. § 1983 deliberate indifference claim.

*John Johns v. Tony*

27.     A prison official may be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

28.     To demonstrate that a prison official acted with deliberate indifference to an inmate's medical needs, a plaintiff must provide evidence that the inmate presented an objectively serious medical need and that the official ignored it.

29.     A serious medical need as one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention

30.     A plaintiff who alleges a deliberate indifference claim against a prison official must show that the official's alleged unconstitutional acts caused his injury.

31.     The Defendant, Tony, through his supervisors, officers and other known or unknown employees  was deliberately indifferent to the Plaintiff's serous medical need which was so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

32.     Although the Plaintiff was not confined to a jail cell and in theory could have gone to a physician, the Plaintiff's inability to have a doctor remove the bracelet from his ancle without BSO's permission is an equivalent of presenting an objectively serious medical need to BSO and BSO ignoring it.

33. As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT Tony, PLAINTIFF has suffered mental and physical anguish, endured suffering and aggravation of his physical and mental condition, humiliation and loss of civil rights.

        WHEREFORE, PLAINTIFF prays:

                a) Judgment against DEFENDANT Tony for compensatory damages;

*John Johns v. Tony*

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable Court may deem just and proper.

<u>**COUNT II - 42 U.S.C. § 1983**</u>
<u>**EXCESSIVE FORCE IN VIOLATION OF  THE FOURTH AMENDMENT**</u>

34. Plaintiff reasserts and realleges paragraphs 1 through 23 as though fully set forth herein.

35. This cause of action is brought by PLAINTIFF against DEFENDANT Tony for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

36. The BSO, the agency led by DEFENDANT Tony, is engaged in a pattern and practice of tacitly authorizing its employees , among other things, to engage in excessive use of force in a form of fitting the ancle bracelets around the suspects' or probationers' ancles too tight.

37. BSO acting under the color of law fitted the ankle bracelet around the Plaintiff's ankle too tight exerting exponentially more pressure than necessary for the monitoring device to remain safely in place.

38. PLAINTIFF sustained an injury that resulted directly and only from the use of force by BSO that was clearly excessive to the need. The excessiveness of force used by BSO was objectively unreasonable.

39. While BSO was acting under the authority of the State of Florida and under color of law as a law enforcement agency, it subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth Amendment to the United States Constitution and within the meaning of 42 U.S.C. § 1983.

*John Johns v. Tony*

40. As a direct and proximate result of the above-mentioned unconstitutional acts of BSO, PLAINTIFF has suffered mental and physical anguish, endured suffering and aggravation of his physical and mental condition, humiliation and loss of civil rights.

      WHEREFORE, PLAINTIFF prays:

            a) Judgment against DEFENDANT Tony for compensatory damages;

            b) Costs of suit;

            c) Reasonable attorney's fees;

            d) Trial by jury as to all issues so triable; and

            e) Such other relief as its Honorable Court may deem just and proper.

## <u>COUNT III - BATTERY</u>

41. Plaintiff reasserts and realleges paragraphs 1 through 23 as though fully set forth herein.

42. BSO intended to cause a harmful or offensive contact with the Plaintiff and an offensive contact with PLAINTIFF resulted BSO acting under the color of law fitted the ankle bracelet round the Plaintiff's ankle too tight exerting exponentially more pressure than necessary for the monitoring device to remain safely in place.

43. As a direct and proximate result of the battery, PLAINTIFF has suffered mental and physical anguish, endured suffering and aggravation of his physical and mental condition and humiliation.

      WHEREFORE, PLAINTIFF prays:

      a) Judgment for compensatory damages against DEFENDANT Tony;

      b) Costs of suit;

      c) Trial by jury as to all issues so triable;

      d) Such other relief as this Honorable Court may deem just and proper.

*John Johns v. Tony*

## <u>COUNT IV - NEGLIGENCE</u>

44. Plaintiff reasserts and realleges paragraphs 1 through 23 as though fully set forth herein.

45.  BSO breached its duty of care to Plaintiff by improperly installing the ankle monitoring device and then ignoring his multiple complaints of pain and discomfort.

46. As a direct result, the improper installation and monitoring of the ankle monitoring device caused a substantial and extremely painful open wound on Plaintiffs' right ankle.

47. As Plaintiffs was required to wear the ankle monitoring device, not permitted to alter or remove the ankle monitoring device, and entirely dependent upon BSO to properly install the device and make sure it was not causing him injury, there is no question as to liability being squarely upon BSO for the injuries Plaintiffs sustained.

WHEREFORE, PLAINTIFF prays:

a) Judgment for compensatory damages against DEFENDANT Tony;

b) Costs of suit;

c) Trial by jury as to all issues so triable;

d) Such other relief as this Honorable Court may deem just and proper.

*John Johns v. Tony*

Respectfully submitted,

| | |
|---|---|
| The Law Offices of Bruce Prober P.A.<br>500 NE 4th St. Suite 200<br>Ft. Lauderdale, FL 33301<br>Telephone:     (954) 816-1260<br>Fax:     (954) 333-1505<br>E-mail: bprober@proberlaw.com | Trayber Raikhelson Law Group, PLLC.<br>2750 NE 185th Street<br>Suite 206, 2750 NE 185th<br>Street Suite 206<br>Aventura, FL 33180<br>Telephone:(305) 990-1451<br>E-mail: arlaw@raikhelsonlaw.com |
| By: /s/ Bruce Prober<br>BRUCE PROBER, ESQ.<br>FLORIDA BAR NO.: 895881 | /s/ Andre G. Raikhelson<br>Andre G. Raikhelson, Esq.<br>Bar Number: 123657 |